UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BRENDA L. STUCKY d/b/a BILL'S )
WRECKER SERVICES, et al., )
 )
        Plaintiffs, ) Civil Action No. SA-96-CA-1285-EP
 )
VS. )
 )
CITY OF SAN ANTONIO, )
 )
        Defendant. )

## ORDER ON REMAND

On September 12, 2002, the United States Court of Appeals for the Fifth Circuit remanded the above numbered and styled cause to this Court with instructions to address whether San Antonio Wrecker Code section 19-391 and City Ordinance 77716 are appropriately characterized as exercises of the safety regulatory authority. In response, the Court questioned the parties about actions remaining in this case and about how to approach those actions. Although the plaintiffs maintained that other issues[1] remain for the Court's resolution and asked for leave to brief those issues, the defendant and intervenor maintain that only the issue addressed by the court of appeals mandate remains and that no additional briefing is necessary to resolve that issue. The Court agrees. As a result, the Court GRANTS the requests by the defendant and the intervenor to consider their earlier arguments on this issue (docket entries #103 & 104).

The defendant, City of San Antonio (the City), addressed the applicability of the safety

---

[1] The plaintiffs contend that three issues remain: (1) whether the safety exception contained in section 14501(c)(2)(A) is a broad grant of safety to the State and subsequently to its municipalities or is it limited to the "motor vehicle" itself, and (2) whether the City's classification of all tows from the scene of a motor vehicle accident as "nonconsent" constitutes a safety or an economic based regulation, and (3) whether the City can define a tow from the scene of an accident as nonconsent when the vehicle operator is at the scene and able to select a towing company of their own choosing? These issues are outside the court of appeals mandate.



exemption in its motion for summary judgment filed on July 31, 1998. In that motion, the City presented documentary evidence that demonstrates the City's towing system was established in response to safety concerns. The original towing ordinance, enacted in 1963, sets forth the safety concerns created by towing trucks racing to the scenes of accidents, violating traffic laws, and soliciting business at the scene of a collision or abandoned motor vehicle in a way that breached the peace. Although the safety language of the original ordinance was not carried forward to the challenged City code authorizing a single-contractor system, the City presented summary judgment evidence that indicates attempts at a rotational system failed, in part, because towing companies did not always have vehicles available, towing companies tried to run drivers 24-hours a day, and towing companies did not always have equipment available. The City's summary judgment evidence also indicates that unavailable tow trucks cause delays in clearing the scenes of accidents, over-worked drivers pose dangers on the roadway, and improper equipment can cause delays in clearing accident scenes. The bid package for the single-contractor system shows consideration of public safety issues, including driver training, equipment, insurance coverage, and emergency planning. Although the evidence of a public-safety purpose is not as explicit in the challenged ordinance as in the original ordinance, no evidence controverts the City's showing of a public safety concern. As a result, the plaintiffs failed to raise a genuine issue of material fact about the applicability of the safety exemption. Considering their position on appeal, the plaintiffs can not seriously dispute the applicability of the exemption. The defendant is entitled to summary judgment on the applicability of the safety exemption to San Antonio Wrecker Code section 19-391 and City Ordinance 77716.

The intervenor addressed the applicability of the safety exemption in its motion for summary judgment filed June 9, 1998. Like the City, the intervenor relied on the safety concerns set out in the original City ordinance, as well as summary judgment evidence that the rotational system failed

and that the single-contractor system addresses the concerns set out in the original ordinance. No evidence controverts the intervenor's showing of a public safety concern. Consequently, the plaintiffs failed to raise a genuine issue of material fact about the applicability of the safety exemption. The intervenor is entitled to summary judgment on the applicability of the safety exemption to San Antonio Wrecker Code section 19-391 and City Ordinance 77716.

With this matter resolved, the Court will enter judgment in favor of the defendant and the intervenor.

SIGNED this 29 day of April, 2003.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE